IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., | ) | |
| JEREMIAH W. NIXON, Missouri | ) | |
| Attorney General, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4297-CV-C-SOW |
| | ) | |
| LARRY GADDY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On September 20, 2005, defendant Larry Gaddy, an inmate confined in a Missouri penal institution, filed with this court a notice of removal of a state civil MIR (Missouri Incarceration Reimbursement) action filed against him, and his corresponding state countercomplaint alleging criminal charges against Jay Nixon, Judge Tom Brown, Judge Richard Callahan, Paul Harper, and Rodney Kueffer under 28 U.S.C. § 1441. Gaddy's state claim alleges that plaintiff's Petition for Missouri Incarceration Reimbursement violates federal statute and Gaddy's constitutional rights. Gaddy alleges that plaintiff stole two of his Social Security checks, pursuant to the Missouri Incarceration Reimbursement Act (MIRA). Plaintiff has filed suggestions in opposition to Gaddy's petition for removal and a motion to remand.

This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Upon review, 28 U.S.C. § 1441 does not provide this court jurisdiction to grant removal of defendant's state claims. "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, . . . ." *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). "[F]ederal defenses do not provide a basis for removal." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987).

In the instant case, Gaddy's claims challenging the State's petition for MIR and Gaddy's corresponding criminal counterclaim do not state a federal cause of action.

Gaddy's allegations challenging the MIRA are, in essence, claims that state employees violated his due process rights under the Fourteenth Amendment when they claimed reimbursement from monies deposited in his prisoner account, and/or from Social Security monies received by Gaddy while incarcerated. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); *Parratt v. Taylor*, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. *Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990); *Sours v. Armontrout*, No. 87-1240, slip op. (8th Cir. June 1, 1987) (unpublished). Gaddy can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or he can bring a common-law claim for conversion. *Hardesty v. Mr. Cribbin's Old House, Inc.*, 679 S.W.2d 343, 347 (Mo. Ct. App. 1984). *See also Knight v. M.H. Siegfried Real Estate, Inc.*, 647 S.W.2d 811, 814 (Mo. Ct. App. 1982). Gaddy also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. *See Jackson v. Wilson*, 581 S.W.2d 39, 42-43 (Mo. Ct. App. 1979); Mo. Ann. Stat. § 105.711 (West Supp. 2005).

If Gaddy lacks funds, he may seek to file and prosecute his claims as a poor person under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, Gaddy may be able to obtain relief in state court even if he lacks funds.

Therefore, because adequate state post-deprivation remedies do exist under the Missouri Incarceration Reimbursement Act, Gaddy is afforded due process, and has no constitutional claim. *Eccher v. Kemna*, 141 F.3d 1168, 1998 WL 104703 (8th Cir. 1998) (unpublished) (citing *Hudson*, 468 U.S. at 533). *See also State ex rel. Nixon v. Taylor*, 25 S.W.3d 566 (Mo. Ct. App. 2000). Gaddy's claims challenging the State's petition for MIR fail to allege a valid federal cause of action and are not removable to federal court. Rather, Gaddy's claims are proper before the Missouri state courts and should be remanded.

2

To the extent Gaddy seeks relief alleging counter federal criminal claims, pursuant to federal statute, such claims are also not a basis for removal. Gaddy's counterclaim allegations that plaintiff's petition for MIR and actions for collection violate federal criminal law are clearly based upon federal defenses to plaintiff's state petition, and therefore, are not a basis for removal. Moreover, any criminal complaint against State of Missouri parties for alleged violation of federal criminal law must be brought by the United States Attorney.

For the reasons set forth above, the court finds plaintiff's motion for remand to have merit and should be granted.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for remand be granted and this case be remanded to the Circuit Court of Cole County, Missouri [6]. It is further

RECOMMENDED that defendant's motion for leave to proceed in forma pauperis be denied [2].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 17th day of January, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge