**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., | ) | |
| JEREMIAH W. NIXON, Missouri | ) | |
| Attorney General, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4297-CV-C-SOW |
| | ) | |
| LARRY GADDY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On January 17, 2006, the United States Magistrate Judge recommended that the motion to remand filed the State of Missouri be granted and defendant Gaddy's case be remanded to the Circuit Court of Cole County, Missouri. The Magistrate Judge further recommended that defendant Gaddy be denied leave to proceed in forma pauperis. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by defendant Gaddy on February 14 and March 27, 2006; and Gaddy's motions to file a brief filed on February 27, 2006, and for leave to file supplemental suggestions in support of removal filed April 7, 2006. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted. Defendant Gaddy's allegations challenging the State of Missouri's petition for incarceration reimbursement under the Missouri Incarceration Reimbursement Act (MIRA), and corresponding criminal counterclaim, do not provide for federal jurisdiction as provided in 28 U.S.C. § 1441. Section 1441 provides for a defendant to remove a state court claim to federal court only if the claim originally could have been filed in federal court. Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000). Original federal jurisdiction is provided by diversity or a federal question. See 28 U.S.C. §§ 1331 and 1332.

Without addressing the diversity-of-parties issue, the court finds defendant Gaddy's claims do not meet the requirements for federal diversity jurisdiction set forth 28 U.S.C. § 1332(a), because the amount in controversy is less than $75,000. A fair reading of the state court petition reveals that defendant is sued to recover approximately $11,841 under the MIRA.

Defendant's claims also do not provide for federal question jurisdiction as provided by 28 U.S.C. § 1331. Rather, Missouri state law, V.A.M.S. § 217.825-.841, provides the basis for plaintiff's petition for reimbursement. Defendant's federal challenge and defense to the petition filed by the State of Missouri is not a proper basis for removal. Under the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998); Caterpillar Inc. v. Williams, 482 U.S. 386, 399 (1987). A defense or potential defense raising federal issues is not considered to be part of a plaintiff's statement of claims, and is not considered when determining whether removal is appropriate. Rivet v. Regions Bank of Louisiana, 522 U.S. at 475.

Additionally, because the State of Missouri makes available adequate post-deprivation remedies under the MIRA, defendant cannot make a claim for constitutional denial of due process in federal court. Eccher v. Kemna, 141 F.3d 1168, 1998 WL 104703 (8th Cir. 1998) (unpublished) (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy)). See also State ex rel. Nixon v. Taylor, 25 S.W.3d 566 (Mo. Ct. App. 2000).

Defendant's argument that federal law, 42 U.S.C.A. § 407, providing for Social Security anti-alienation, completely preempts the Missouri Incarceration Reimbursement Act, V.A.M.S. § 217.825-.841, is unsupported. The complete preemption exception is a narrow exception under which the preemptive force of certain federal statutes is deemed so extraordinary as to convert complaints purportedly based on the preempted state law into complaints stating federal claims from their inception. Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000). This exception is generally applied in cases involving federal statutes with great preemptive sweep such as the National Bank Act, ERISA, and the National

Labor Relations Act. Rivet v. Regions Bank of Louisiana, 522 U.S. at 475-76. Defendant does not offer any authority for the proposition that all cases involving MIRA are automatically preempted by 42 U.S.C. § 407 or § 1983. Defendant's cite to Hankins v. Finnel, 964 F.2d 853 (8th Cir. 1992), is not persuasive. Hankins limited section 1983 federal preemption of MIRA to specific circumstances where the state seeks to recoup the very monies it has paid to satisfy a section 1983 judgment against one of its employees, which is not at issue in the petition for incarceration reimbursement filed against defendant.

Defendant's claims challenging the State of Missouri's petition for incarceration reimbursement do not provide diversity or federal question jurisdiction, and therefore, this case is not properly before this court and must be remanded to the Circuit Court of Cole County, Missouri.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

IT IS, THEREFORE, ORDERED that the Magistrate Judge's January 17, 2006 Report and Recommendation is adopted [9]. It is further

ORDERED that defendant Gaddy's motions to file a brief and supplemental suggestions in support are granted [12, 15]. It is further

ORDERED that the motion of plaintiff State of Missouri to remand is granted and this case is remanded to the Circuit Court of Cole County, Missouri, for all further proceedings [6]. It is further

ORDERED that defendant's motion for leave to proceed in forma pauperis is denied [2].

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: April 24, 2006

3